UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN BAEZ,

**Plaintiff,**

v.                                               Case No. 8:22-cv-00021-VMC-CPT

BAY POOLS SERVICE & REPAIR, LLC
and PAUL S. COSTLOW, an individual

**Defendants.**

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL
WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JONATHAN BAEZ ("Plaintiff"), and Defendants, BAY POOLS SERVICE & REPAIR, LLC ("BPSR") and PAUL S. COSTLOW ("Mr. Costlow") (collectively, "Defendants") (Plaintiff and Defendants will be referred to collectively as "Parties") hereby notify the Court that the Parties have resolved Plaintiff's Fair Labor Standards Act ("FLSA") claims raised in this matter and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion for Approval of Settlement and Dismissal with Prejudice, stating as follows:

1

19983434-2

## PROCEDURAL AND FACTUAL BACKGROUND

1.  BPSR is a limited liability company that provides pool services in Hillsborough County, Florida. Mr. Costlow is the Owner and Managing Partner of BPSR.

2.  Plaintiff was employed by BPSR as a pool technician for approximately thirty (30) weeks from September 28, 2020 through April 25, 2021 (the "Employment").

3.  Plaintiff's employment was terminated on April 25, 2021.

4.  On or about September 16, 2021, Plaintiff commenced this action by the filing of a Complaint against Defendants, Case No. 21-CA-007478, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida for violations of the FLSA, 29 U.S.C. §201, *et. seq.*, in which he alleged he was not paid overtime premiums for all hours he worked in excess of 40 hours in each work week (Count I) [DE #1-] (the "Lawsuit").[1]

5.  Defendants removed the Lawsuit to this Court on January 4, 2022. [DE #1.]

---

[1] On October 9, 2021, the Circuit Court entered an Order granting Plaintiff's Motion to Transfer the Action from Circuit Court to County Court on the basis that the Circuit Court did not have jurisdiction over Plaintiff's claim because his claim for damages does not exceed $30,000.00, exclusive of interest, fees, and costs. Accordingly, the case was transferred to County Court and assigned new Case No. 21-CC-107423.

6.     Defendants filed their Answer, General Defenses, and Affirmative Defenses to Plaintiff's Complaint on January 14, 2022 [DE #9].

7.     Defendants contend Plaintiff was accurately and fully compensated for all hours worked. Defendants dispute Plaintiff's claim, and dispute the nature and extent of the overtime hours Plaintiff alleges he worked, as well as his entitlement to liquidated damages and any alleged willful violation of the FLSA.

8.     On January 6, 2022, the Court entered a FLSA Scheduling Order [DE #6] requiring the filing of answers to the Court's interrogatories by Plaintiff [DE #16] and a Verified Summary of Hours Worked by Defendants [DE #17]. Thereafter, counsel for the Parties engaged in preliminary settlement discussions and participated in a mediation conference with Mediator Mark Hanley on March 25, 2022, which resulted in an impasse [DE #19].

9.     Following the mediation conference, counsel for the Parties continued settlement discussions and, on April 22, 2022, without admitting fault or liability, Plaintiff and Defendants negotiated and reached an agreement to amicably resolve all disputed wage claims related to Plaintiff's Employment, including attorneys' fees and costs, subject to a fairness review and approval by the Court.

10.    The Parties have memorialized the settlement terms in a Settlement Agreement and Release of Wage Claims ("Settlement Agreement") (See Exh. A).

## TERMS OF THE SETTLEMENT AGREEMENT

11. Pursuant to the terms of the Settlement Agreement, Plaintiff will receive the total gross sum of $2,041.34. This amount includes settlement of Plaintiff's disputed FLSA claim including all claims for wages and liquidated damages, broken down as follows:

   a. Plaintiff shall receive the gross amount of $1,020.67 for wages/overtime;

   b. Plaintiff shall receive the gross amount of $1,020.67 for liquidated damages; and

12. In settlement of any and all disputed claims for attorney's fees and costs, Plaintiff's counsel's, Matthew K. Fenton, Esq., Wenzel Fenton Cabassa, P.A., shall receive $5,500.00 as a compromise of the attorney's fees and costs incurred in this case.

13. The agreement between the Parties to resolve Plaintiff's underlying FLSA claims were made without regard to the resolution of Plaintiff's attorneys' fees and costs. The parties negotiated and separately agreed to settle Plaintiff's attorneys' fees and costs for a total of $5,500.00.

14. In the Eleventh Circuit, for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the United States Department of Labor. *See Lynn's Food Stores, Inc.*

*v. United States Dept. of Labor,* 679 F.2d 1350, 1352-55 (11th Cir. 1982) (court must scrutinize the settlement agreement for fairness in FLSA cases); *see also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (court must ensure counsel's fees are reasonable).

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the parties should be approved by the Court as fair and reasonable. See 29 U.S.C. §216(c); *Lynn's Food*, 679 F.2d at 1353. Pursuant to *Lynn's Food*, the Court's review of the Parties' agreement is to determine if it is "a fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See e.g., Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4, 2012).

### *Fairness of Terms of Settlement*

The Parties' Settlement Agreement plainly complies with the spirit of *Lynn's Foods*. The Parties jointly confirm that they had a *bona fide* dispute regarding whether Plaintiff is entitled to payment of the wages Plaintiff claims are owed and how much authorized overtime, if any, was worked by Plaintiff. At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the Parties' Settlement Agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's Verified Answers to the Court's Interrogatories, Defendants' Verified Summary of Hours Worked, pay records, and GPS/time records. The Parties, therefore, respectfully submit that the Settlement Agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See e.g.*, *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25, 2013 (approving settlement where parties were represented by counsel).

In this case, there has been no fraud or collusion in the settlement of this matter and the settlement will prevent expensive, protractive, and uncertain litigation. To avoid the risks, uncertainties, and expense associated with further

litigation, Plaintiff and Defendants have assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through costly litigation. This case involves contested issues of liability and the amount of damages, if any. If Plaintiff had proceeded to trial, a jury could have determined that he was not entitled to the recovery sought, in which case he would recover nothing. Alternatively, a jury could have determined that Plaintiff was entitled to a sum for unpaid overtime wages, plus liquidated damages and attorneys' fees and costs. Instead, the Parties have negotiated a compromise payment through counsel that is satisfactory to the Parties and their counsel. The undersigned counsel, who are experienced in wage and hour matters, view the agreed upon settlement as a reasonable outcome for the Parties.

In light of the *bona fide* dispute in this case concerning whether Plaintiff is entitled to any of the monies Plaintiff claims he is owed, and the extent of authorized overtime hours worked by Plaintiff, if any, Plaintiff and Defendants submit that the resolution of Plaintiff's claims in this case is fair and reasonable given the risks, uncertainties, and expense of further litigation for all. Accordingly, Plaintiff and Defendants request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the

dispute, the legal issues involved, and the risks, uncertainties and expense associated with further litigation.

### *Reasonableness of Attorney's Fees and Costs*

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). However, if the matter of attorneys' fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in *Bonetti*).

Under the terms of the Settlement Agreement, Plaintiff's counsel is being paid a total of $5,500.00 for fees and costs in representing Plaintiff from before commencement of the Lawsuit, through approval of the settlement, the conclusion of the case, and disbursement of funds – which was negotiated

separately from the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claims. *Bonetti,* 715 F. Supp. 2d at 1228. The proceeds that Plaintiff's counsel is to receive under the terms of the Settlement Agreement will be applied to Plaintiff's litigation costs and attorneys' fees incurred in this matter for Plaintiff. Accordingly, the Court should approve the payment of this sum to Plaintiff's counsel's law firm for attorneys' fees and costs as part of the Settlement Agreement.

WHEREFORE, for the above and foregoing reasons, Plaintiff and Defendants respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the Parties jointly request that the Court approve the Settlement Agreement as a fair and reasonable resolution of the *bona fide* dispute under the FLSA between Plaintiff and Defendants, and dismiss this case ***with prejudice***.

Respectfully submitted this 3rd day of May, 2022.

| | |
|---|---|
| /s/ Matthew K. Fenton | /s/ Jessica M. Farrelly |
| Matthew K. Fenton, Esq. | Jessica M. Farrelly, Esq. |
| Florida Bar No. 002089 | Florida Bar No. 0103055 |
| ***Attorney for Plaintiff*** | ***Attorneys for Defendants*** |
| WENZEL FENTON & CABASSA, P.A. | FREEMAN MATHIS & GARY, LLP |
| 1110 N. Florida Ave., Suite 300 | 2502 N. Rocky Point Drive, Suite 860 |
| Tampa, Florida 33602 | Tampa, Florida 33607 |
| Tel.: (813) 224-0431 | Tel: (813) 774-6363 |
| Fax: (813) 229-8712 | Fax: (833) 330-0369 |
| mfenton@wfclaw.com | jfarrelly@fmglaw.com |
| tsoriano@wfclaw.com | kjones@fmglaw.com |

19983434-2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF systems, which will send a notice of electronic filing to counsel for Plaintiff as set forth above.

> By: *Jessica M. Farrelly*
> JESSICA M. FARRELLY, ESQ.
> Florida Bar. No.: 0103055

19983434-2

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS

**THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS** (hereinafter referred to as "Agreement") is entered into by, between, and among Jonathan Baez (hereinafter referred to as "Plaintiff"), on the one hand, and Bay Pools Service & Repair, LLC (hereinafter "BPSR") and Paul S. Costlow (hereinafter "Mr. Costlow"), on the other hand. BPSR and Mr. Costlow shall collectively be referred to as "Defendants." Defendants and Plaintiff shall collectively be referred to as the "Parties". Individually, the Parties may be referred to as "Party."

**WHEREAS**, Plaintiff has alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as "FLSA") against Defendants in a lawsuit styled *Jonathan Baez v. Bay Pools Service & Repair, LLC and Paul S. Costlow*, Case No. 8:20-cv-00021-VMC-CPT pending in the United States District Court for the Middle District of Florida, Tampa Division, (hereinafter referred to as "Lawsuit" or "the Lawsuit"), which Lawsuit was brought by Plaintiff in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and removed by Defendants to the Middle District of Florida; and

**WHEREAS**, Defendants have denied and do deny each and every allegation alleged by Plaintiff against Defendants; and

**WHEREAS**, the Parties desire to resolve fully and finally their dispute under the FLSA through this Agreement in an amicable manner without the difficulties and expenses involved in further litigation, and further, the parties wish to set forth their complete agreement with respect to Plaintiff's wage claims.

**NOW, THEREFORE**, the Parties for good and sufficient consideration agree as follows:

1. The Parties adopt and incorporate the terms of the above WHEREAS recitals as if fully set forth herein as substantive terms of the Parties' Agreement.

2. In addition to the other forms of consideration provided by Defendants to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, Defendants acknowledge and agree that they shall pay Plaintiff the sum total of Two Thousand Forty-One Dollars and Thirty-Four Cents ($2,041.34) in full and final settlement and resolution of any wage claims which Plaintiff had, has, or may have against Defendants as of the date of the execution of this Agreement, including, but not limited to, claims under the Fair Labor Standards Act, The Florida Minimum Wage Act, and Article X, Section 24 of the Florida Constitution. This amount shall be paid as follows:

(a) <u>Unpaid Overtime Wages</u>: One check made payable to Jonathan Baez in the amount One Thousand Twenty Dollars and Sixty-Seven Cents ($1,020.67), minus applicable taxes and deductions as required by law pursuant to an IRS W-2 Form;

JB _JB_    BPSR _[initials]_    COSTLOW _[initials]_

1

19983508-2

(b) <u>Liquidated Damages</u>: One check made payable to Jonathan Baez in the amount One Thousand Twenty Dollars and Sixty-Seven Cents ($1,020.67), pursuant to an IRS 1099 Form, which shall be attributable to payment of liquidated damages: and

(c) <u>Plaintiff's Attorneys' Fees and Costs</u>: One check made payable to Wenzel Fenton Cabassa, P.A., in the amount of Five Thousand Five Hundred Dollars and Zero Cents ($5,500.00), pursuant to an IRS 1099 Form to Wenzel Fenton Cabassa, P.A., which represents alleged attorney's fees and costs.

In exchange for the foregoing, and in addition to the other forms of consideration provided by Defendants to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, Plaintiff agrees to enter into a joint motion with Defendants in the Lawsuit in order to have this Agreement approved (hereinafter referred to as "Joint Motion"), and to enter into a Stipulation of Dismissal with Prejudice of the Lawsuit with Defendants to be filed by the Parties with the Court within five (5) days of the Court's approval of this Agreement or within five (5) days of the payments pursuant to this paragraph being made, whichever is later.

3. As an additional inducement for Defendants to make the foregoing payments referenced herein, Plaintiff hereby agrees to release, acquit, and forever Discharge Defendants and/or any of Defendants' current and former owners, stockholders, predecessors, agents, directors, officers, employees, representatives, attorneys, divisions, insurers, affiliates, parent companies, sister companies, subsidiaries, related companies, professional employer organizations, successors, assigns, representatives, heirs, executors, administrators, and relatives, and all persons acting by, through, under, or in concert with any of them, whether in their individual or official capacities (hereinafter referred to as "Releasees") from any and all wage claims and demands which Plaintiff may now have, own, or hold, or claim to have own, or hold, or which Plaintiff at any time heretofore had, owned, or held, or claimed to have had, owned, or held, or which Plaintiff at any time may have, own, or hold, or claim to have, own, or hold against Defendants and/or any of the other Releasees, from the beginning of time up to the date Plaintiff signs this Agreement, including, but not limited to, claims under the FLSA, the Florida Minimum Wage Act, and Article X, Section 24 of the Florida Constitution.

4. The Parties acknowledge that the attorney's fees and costs to be paid to Wenzel Fenton Cabassa, P.A. were negotiated separate and apart from the amounts to be paid to Plaintiff.

5. Plaintiff agrees and acknowledges that the Seven Thousand Five Hundred Forty-One Dollars and Thirty-Four Cents ($7,541.34) referenced above, as well as the other forms of consideration provided by Defendants to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, is/are more than anything to which Plaintiff is otherwise entitled and, therefore, serve(s) as sufficient consideration for the promises made by Plaintiff herein.

6. By virtue of the payments in Section 2, Plaintiff acknowledges that he is receiving and has received all the compensation to which he is entitled from Defendants for work performed for Defendants.

JB _JB_    BPSR _JL_    COSTLOW _JL_

2

19983508-2

7. Defendants and Plaintiff agree that Defendants shall make payment of the amounts referenced in Section 2 above within fourteen (14) days of the last of the following events: a) Defendants' receipt of this executed Agreement by Plaintiff, b) Plaintiff and his counsel providing completed and signed W-9 forms to defense counsel, and c) the Court in the Lawsuit approving the instant Agreement. Counsel for all parties agree to cooperate in order to comply with any additional requirements of the Court that may be necessary in order to obtain approval of the terms of this Agreement, and to secure a Dismissal with prejudice. Plaintiff acknowledges that payment of the amounts set forth in Section 2 above is contingent on each of the foregoing events actually occurring. All payments shall be sent to Plaintiff's attorney, Matthew K. Fenton, Esq., Wenzel Fenton Cabassa, P.A. The Parties agree that neither Plaintiff nor Wenzel Fenton Cabassa, P.A. shall disburse, negotiate, or deposit the sums to be paid by Defendants until such time as the Lawsuit is dismissed in its entirety with prejudice.

8. Plaintiff acknowledges that Defendants make no warranty concerning the tax treatment of any sums paid hereunder and that Plaintiff has not relied upon any such warranty. Plaintiff agrees that he has had the opportunity to consult with a professional tax advisor, if he so chose, regarding the tax treatment of the amounts set forth under Section 2 of this Agreement. Plaintiff agrees that he will be ultimately responsible for any income tax or other tax liability, which may be imposed on any amounts paid pursuant to Section 2 of this Agreement. Plaintiff also agrees to indemnify Defendants and each of the other Releasees against and hold Defendants and each of the other Releasees harmless from any and all liability, fines, penalties, attorney's fees, costs, and/or interest, incurred by Defendant and/or any of the other Releasees as a result of any failure to withhold any taxes imposed by any federal, state or local taxing authority from the amounts paid pursuant to Section 2 of this Agreement.

9. Neither this Agreement nor anything contained herein shall be construed as an admission by Defendants and/or any of the Releasees of any liability, including, but not limited to, any alleged violation of federal, state or local law; any alleged violation of a common law cause of action; any alleged breach of contract; or any other allegedly unlawful conduct whatsoever.

10. Plaintiff confirms that he has been advised by Defendants to consult with an attorney of his choice regarding the terms of this Agreement and that he has done that. Plaintiff warrants that he has consulted with Matthew K. Fenton, Esq., Wenzel Fenton Cabassa, P.A., who has represented Plaintiff during the course of the Lawsuit, negotiated the terms of this Agreement on Plaintiff's behalf, advised Plaintiff concerning his lawful remedies, and advised Plaintiff as to the meaning and significance of this Agreement. Further, Plaintiff confirms that he has carefully read and fully understands the provisions of this Agreement, including the release and waiver of claims of his wage claims.

11. The Parties agree and acknowledge that notwithstanding anything to the contrary in this Agreement, their respective promises in this Agreement are contingent upon the mutual execution of this Agreement and the Court in the Lawsuit approving this Agreement.

JB _JB_                              BPSR _(initials)_                              COSTLOW _(initials)_

3

19983508-2

12. The Parties agree that if a breach of the promises in this Agreement is proven by one or more of the Parties, the breaching Party/Parties agrees/agree to pay the reasonable attorney's fees and expenses and costs incurred by the non-breaching Party/Parties as a result of such breach.

13. The Parties agree that this Agreement is in all respects to be interpreted, enforced and governed under the laws of the State of Florida without regard to its choice of law provisions, as well as the laws of the United States of America. The language of all parts of this Agreement shall in all cases be construed as a whole and according to its fair meaning.

14. The failure of either Defendants or Plaintiff to require the performance of any term or obligation of this Agreement or the waiver by Defendants or Plaintiff of any breach of any term or obligation of this Agreement, shall not prevent any subsequent enforcement of such term or obligation or any other term or obligation and shall not be deemed a waiver of any subsequent breach of such term or obligation or any other term or obligation. The Parties agree that no modification, amendment, or waiver of any provision of this Agreement shall be effective unless in writing and signed by the Parties.

15. Plaintiff represents and acknowledges that in executing this Agreement he does not rely, and has not relied, upon any representations or statements made by Defendants and/or any of the other Releasees, or any of their agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

16. The Parties agree that should any part(s), term(s), or provision(s) of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part(s), term(s), or provision(s) shall be deemed not to be part of this Agreement, *provided* that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

17. The Parties agree that as used in this Agreement, the singular or plural number shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires. The Parties agree that reference to one gender shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires.

18. The Parties agree that this Agreement constitutes the entire Agreement between and among them and represents their full and complete understanding with respect to the terms hereof. No other prior or contemporaneous oral or written agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, successors and assigns. This Agreement may not be modified, amended or waived except in writing signed by all Parties.

19. This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement, binding on all Parties,

JB _____   BPSR _____   COSTLOW _____

4

19983508-2

notwithstanding that all Parties are not signatories to the same counterpart. The Parties agree that a copy of their signatures, even in counterparts, shall have the same force and effect as an original and shall make this Agreement binding and enforceable.

20. The Parties agree that this Agreement shall be construed as jointly prepared by the Parties so that any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

21. The Parties agree that the signatories to this Agreement are competent to enter into this Agreement and bind the Parties hereto.

22. Plaintiff acknowledges that he has been given sufficient time in which to consider the terms of this Agreement, and that he has not been coerced or pressured into entering into this Agreement.

**BY PLAINTIFF:**

Date: 04 / 28 / 2022

_____
Jonathan Baez – Signature

STATE OF FLORIDA   )

COUNTY OF _____   )

BEFORE ME, the undersigned authority, personally appeared Jonathan Baez, who is either personally known to me or produced FLDL# B200 42091 410-0 identification, and, who after being duly sworn, acknowledges that he signed the foregoing Settlement Agreement and Release of Wage Claims.

WITNESS my hand and official seal of the aforesaid State and County, this 28th day of April, 2022.

[Notary Seal: SANDRA LESSI ORRICO, MY COMMISSION # HH 166412, EXPIRES: August 18, 2025, Bonded Thru Notary Public Underwriters]

_____
NOTARY PUBLIC
State of Florida at large

Print Name of Notary

My Commission Expires

JB  /JB/                BPSR /initials/                COSTLOW /initials/

5

19983508-2

**BY DEFENDANT:**

Date:_____

BAY POOLS SERVICE & REPAIR, LLC

By:_____
Signature

_____Paul Costlow_____
Printed Name

_____Managing Partner_____
Title

**BY DEFENDANT:**

Date:_____

By:_____
Paul S. Costlow, Individually


JB____JB____        BPSR_____        COSTLOW_____

19983508-2

Doc ID: d2d8ef04321bef828edd76147e2be6ffd6575e6f