UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN BAEZ,

    Plaintiff,

v.                                Case No. 8:22-cv-21-VMC-CPT

BAY POOLS SERVICE & REPAIR,
LLC, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement (Doc. # 29), filed on May 3, 2022. The Court grants the Motion.

I. **Background**

Plaintiff Jonathan Baez filed this Fair Labor Standards Act (FLSA) case against his former employer on September 16, 2021, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). Defendants removed the case to this Court on January 4, 2022. On January 14, 2022, Defendants filed their answer. (Doc. # 9).

The case proceeded through Court-ordered discovery, and the parties participated in a mediation conference on March 25, 2022, that resulted in an impasse. (Doc. # 19). Following

additional discovery, the parties filed a notice of settlement. (Doc. # 27). After the Court advised the parties that any settlement reached in an FLSA action is subject to judicial scrutiny, the parties filed the instant Motion seeking judicial approval of their settlement agreement. (Doc. # 29).

## II. Analysis

Baez alleges that Defendants violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Baez will receive $2,041.34 total, which consists of $1,020.67 in settlement of his claims for alleged wages/overtime, and $1,020.67 in liquidated damages. (Doc. # 29 at 4; Doc. # 29-1 at 1-2). It has also been agreed that Baez's counsel will receive $5,500 in attorney's fees and costs. (Id.).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Baez for alleged

FLSA violations. (Doc. # 29 at 4). The parties have reached this settlement because, although the parties dispute whether Baez is entitled to payment of overtime wages for any overtime hours worked, the parties agree that it is in "their respective best interests to resolve this matter early through settlement rather than to proceed through costly litigation." (Id. at 7).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement (Doc. # 29) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE